Frank A. CARTER, Jr., Chief
Disciplinary Counsel

v.

Stephen A. SARAULT.

No. 86–150–M.P.

Supreme Court of Rhode Island.

April 1, 1986.

ORDER

The respondent-attorney has appeared before this court with counsel in response to our order issued under the provisions of Supreme Court Rule 42–12(a) and (c) which read:

(a) Upon the filing with this Court of a certified copy of an order demonstrating that an attorney has been convicted of a crime which is punishable by imprisonment for more than one year in this or any other jurisdiction, this Court may direct the respondent-attorney to show cause why he should not be suspended during the pendency of any appeal and until the final disposition of any disciplinary proceeding instituted against him based upon such conviction.

(c) Upon the receipt of a certificate of conviction of an attorney for such a crime, this court shall, in addition to any order of suspension it may enter in accordance with the provisions of (a) above, also refer the matter to the Board for the institution of a formal disciplinary proceeding in which the sole issue to be determined shall be the extent of the discipline to be imposed, provided that a disciplinary proceeding so instituted will not be brought to hearing until all appeals from the conviction are concluded.

The respondent was directed to appear and show cause why he should not be suspended from the practice of law pending the conclusion of his appeal from his conviction and sentencing following trial in the United States District Court, Middle District of Florida, Orlando Division in case No. 82–67–Orl–Cr–R(H). The respondent was convicted of conspiracy and mail fraud in violation of 18 U.S.C., 1341 and 2 and 18 U.S.C., 371 and 2 and he has appealed these convictions to the United States Circuit Court of Appeals where disposition thereof is pending.

After hearing arguments of counsel and after reviewing the memoranda and records submitted, we are of the opinion that cause has not been shown.

Therefore, it is ordered that the respondent be suspended from the practice of law effective the 15th day of April, 1986 until further order. The respondent is directed to furnish to the Clerk of this Court a list of names of clients he is representing so that steps may be taken to protect the interests of those persons during the period of suspension.

Entered as an Order of this Court this 1st day of April, 1986.

Chief Justice BEVILACQUA did not participate.